**112**

In the Matter of YU CHIN T. LIM, Debtor.

Bankruptcy No. 82–2532.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 25, 1983.

Richard Prosser, Tampa, Fla., for debtor.

Sylvan Wells, Daytona Beach, Fla., for Accent Builders Inc.

ORDER ON ORDER TO SHOW CAUSE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Code Chapter 11 case and the matter under consideration came before the Court pursuant to an Order to Show Cause issued upon an Application filed by Yu Chin T. Lim, the Debtor who seeks a citation for contempt and punishment against Accent Builders, Inc. (Accent) or in the alternative, a disallowance of the claim of Accent as the result of an alleged willful violation of the automatic stay imposed by § 362(a) of the Bankruptcy Code. The Application also seeks a contempt citation against Michael Crane, the president of Accent and against Sylvan A. Wells, the attorney for Accent.

The facts relevant to the matters under consideration are stipulated to and can be summarized as follows:

In 1980, Yu Chin T. Lim (the Debtor) filed a suit against Accent in the Circuit Court in and for Volusia County, Florida, Case No. 80–1083–CA–01. The complaint of the Debtor set forth several claims, but basically sought relief by way of specific performance of a contract and money damages. In 1981, Sun Bank of Volusia County (the Bank) filed a suit in the same Court against the Debtor and Accent, Case No. 81–4296–CA–01. In this action, the Bank sought to foreclose a mortgage on certain real property, the same property involved in Case No. 80–1083–CA–01 filed by the Debtor against Accent.

Ultimately the two actions were consolidated by the Circuit Court who, on October 29, 1982, entered a final judgment of foreclosure and directed the property to be sold. The sale was set for November 30, 1982. The Circuit Court also entered a money judgment against the Debtor in Case No. 80–1083–CA–01 in favor of Accent in the amount of $20,500 plus attorneys fees in the amount of $6,000.

The record reveals that the Debtor filed its Petition for Relief on November 29, 1982 at 5:10 p.m. It is without substantial dispute that on the same date, but most likely before the Petition was actually filed, the Debtor mailed a Suggestion of Pendency of

Bankruptcy to Sylvan Wells who was then counsel of record for Accent in the State Court. The same was also mailed to the attorney for the Bank and also to Accent. The Bank took no further action in connection with the foreclosure. However, counsel for Accent was, at that time, in the process of discovery in connection with the enforcement of the money judgment and filed a Motion for Contempt in the Circuit Court on December 23, 1982 for the Debtor's failure to respond to discovery. It is without dispute that the notice for the § 341 Meeting of Creditors which included a notice as to the operation of the automatic stay was mailed to Accent and counsel of record for Accent on December 8, 1982. There is no question that the Motion for Contempt against the Debtor was filed after Accent and its counsel had actual knowledge of the pendency of the bankruptcy proceeding.

It appears from the foregoing and there is no question that counsel for Accent did knowingly violate the automatic stay by filing a Motion for Contempt after having been notified of the pendency of bankruptcy. It is equally clear, however, that he has not taken any further action against the Debtor.

Counsel for Accent while admitting a technical violation of the automatic stay, states in defense that he is not familiar with bankruptcy practice; never appeared in Bankruptcy Court; and that he filed the Motion merely to protect his client's interest in the event the Petition for Relief filed by the Debtor is dismissed. The record is devoid of any evidence that the filing of the Motion for Contempt, i.e. the violation of the automatic stay, did produce any measurable harm to the Debtor with the possible exception of requiring the Debtor to engage the services of counsel to institute and prosecute the present proceeding.

It is the contention of counsel for the Debtor that the automatic stay was violated willfully and knowingly by Accent and its attorney; that the Debtor is entitled to an award of punitive damages in the amount of $500,000 against Accent and an equal amount of punitive damages against Sylvan Wells, in addition to an award of attorney fees against Accent and Sylvan Wells. Although the Application does not articulate the right to have the claim of Accent disallowed, it is intimated that under § 510 of the Code the claim of Accent filed in this cause may be subordinated to the claims of other unsecured creditors in the same class. The purpose of seeking the alternative relief is somewhat puzzling in light of the fact that this is still a Chapter 11 case and the Debtor may theoretically propose a plan totally satisfying the claim of Accent or make only a token provision for the satisfaction of the claim. Moreover, there is nothing in the record that would warrant subordination of the claim of Accent either on a pre-petition contractual basis or on the traditional theory of equitable subordination. While § 510(c) of the Code provides that "the Court may (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim..." The legislative history provides:

> "It is intended that the term 'principles of equitable subordination' follow existing case law and leave to the courts development of this principle. To date, under existing case law, a claim is generally subordinated only if the holder of such claim is guilty of unequitable conduct, of the claim is susceptible to subordination, such as a penalty or a claim for damages arising from the purchase or sale of a security from the debtor." 124 Cong.Rec. H. 11,095 (Sept. 28, 1979); S. 17,412 (Oct. 6, 1978).

As noted by this Court in *In re Pancho's International, Inc.,* the test for equitable subordination requires that:

> "(1) the element must have engaged in some type of inequitable conduct,
> (ii) the conduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant.
> (iii) Equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act."

**114**

*In re Pancho's International, Inc.,* 26 B.R. 5, 9 (Bkrtcy.M.D.Fla.1982) (citing *Matter of Multiponics,* 622 F.2d 709, 713 [5th Cir. 1980]). Clearly, in this case, a claim of equitable subordination cannot be sustained.

■ There is no doubt that Sylvan A. Wells, the attorney for Accent, knowingly and willfully violated the automatic stay imposed by virtue of § 362 of the Bankruptcy Code. In light of the fact that he pursued no further actions against the Debtor, the Court is of the opinion that an award of punitive damages is improper, however, the Debtor is entitled to costs and attorney fees in the amount of $500 for which Sylvan A. Wells and Michael Crane shall be jointly and severally liable.

The Debtor's request to disallow or subordinate the claim of Accent is without merit and must, therefore, be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Sylvan A. Wells, attorney for Accent Builders Inc. and Michael Crane, President of Accent Builders, Inc., be, and the same hereby are, cited for contempt as the result of knowing and willful violation of the automatic stay and shall pay over to the Debtor, Yu Chin T. Lim, attorney's fees and costs in the amount of $500. It is further

ORDERED, ADJUDGED AND DECREED that the request by the Debtor for a disallowance or subordination of the claim of Accent Builders, Inc. be, and the same hereby is, denied.